IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **PATRICIA WILLIAMS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 2:22-cv-02310-JTF-atc |
| **FEDEX FREIGHT, LARAYE COLE,** ) | |
| **MONIQUE HOLLEY, RALPH PIPPEN,** ) | |
| **FNU DUWAN, and TIMOTHY** ) | |
| **ROBERTS,** ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On May 19, 2022, Plaintiff Patricia Williams filed a *pro se* complaint against Defendants FedEx Freight, LaRaye Cole, Monique Holley, Ralph Pippen, FNU Duwan, and Timothy Roberts, alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–17 (the "ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. (ECF No. 1.)  Plaintiff filed a motion seeking leave to proceed *in forma pauperis* (ECF No. 2), which the Court granted on May 19, 2022 (ECF No. 6).  This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as an appropriate.  (Admin. Order 2013-05, Apr. 29, 2013.)

For the reasons set forth below, it is recommended that Plaintiff's claims be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.  The Court further recommends that Williams be given thirty days to amend her claims against Defendants, at which point her claims can once again be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2).  The Court further recommends

that, should Plaintiff fail to amend her Complaint within thirty days, it be dismissed in its entirety consistent with the following.

**PROPOSED FINDINGS OF FACT**

Williams filed her complaint on a Court-supplied form alleging employment discrimination in violation of the Americans with Disabilities Act of 1990. (ECF No. 1 ¶ 1.) Though Williams did not check the box on the complaint form indicating she was also alleging Title VII violations, elsewhere in her complaint she checked the box indicating she was discriminated against based on her religion and offered some facts in support of that allegation. (*See id.* ¶¶ 9-10.) Williams alleges that the discriminatory conduct includes termination, failure to accommodate her disability, "harassment," and "hostile environment." (*Id.* ¶ 6.) According to Williams, the discriminatory acts occurred in May, June, and September 2021. (*Id.* ¶ 10.) She alleges that in May 2021 she informed her supervisor that she "needed a religious accommodation not to work on Sunday." (*Id.*) Williams does not explicitly say that the request was denied, does not disclose her religion, and does not allege unequal treatment of others outside of her religion. (*See id.* ¶¶ 9-10.) She also alleges that in June 2021 her request was denied for a medical accommodation pertaining to her restrictions against prolonged standing, lifting, and walking. (*Id.* ¶ 10.) Williams's complaint does not indicate what her medical condition is.

Williams alleges that she filed an EEOC charge of discrimination on or around February 2022. (*Id.* ¶ 12.) The EEOC issued a Right to Sue Letter on March 3, 2022 (ECF No. 1-1), which Williams indicates she received on March 7, 2022 (*Id.* ¶ 14). Williams's complaint seeks re-employment, $2,500,000 in back pay and interest, compensatory damages in an unspecified

amount for financial harm and emotional distress, and injunctive relief that restrains Defendants from "defamation," "slander," and "retaliation."  (ECF No. 1, at 6.)

## PROPOSED CONCLUSIONS OF LAW

**I.    28 U.S.C. § 1915(e)(2) Screening**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B).  Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  This Report and Recommendation constitutes the Court's screening.

**II.   Standard of Review for Failure to State a Claim**

To determine whether Williams's complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).  The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678.  However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Capital Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.  Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that plaintiffs are not required to plead the elements of a *prima facie* case under

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to survive a motion to dismiss. All that is required is that the complaint satisfies Federal Rule of Civil Procedure 8(a)'s simplified pleading standard. *Swierkiewicz*, 534 U.S. at 513. Rule 8(a) provides in relevant part that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "But where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III.   Williams's ADA Claim

Williams alleges discrimination based on her disability. (ECF No. 1 at ¶ 9.) The ADA prohibits discrimination against a qualified individual's disability, 42 U.S.C. § 12112(a), which may include an employer's failure to provide reasonable accommodations. 42 U.S.C. § 12112(b)(5)(A). The ADA defines a "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C.A. § 12111(8). Additionally, the ADA defines "reasonable accommodations" to include "making existing facilities used by employees readily accessible to and usable by individuals with disabilities, job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." *Id.* § 12111(9); *see Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 868 (6th Cir. 2007).

5

"ADA discrimination claims are analyzed under two different rubrics, depending on whether the plaintiff relies on 'direct' or 'indirect' evidence of discrimination." *Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409, 416 (6th Cir. 2020). As is the case here, "claims premised upon an employer's failure to offer a reasonable accommodation necessarily involve direct evidence (the failure to accommodate) of discrimination. If the fact-finder accepts the employee's version of the facts, no inference is necessary to conclude that the employee has proven this form of discrimination." *Id.* (quoting *Kleiber*, 485 F.3d at 868) (alterations omitted). Under this direct-evidence framework, a party must show: (1) she is disabled, and (2) she is otherwise qualified for the position despite her disability either (a) without accommodation; (b) with an alleged essential job requirement eliminated; or (c) with a proposed reasonable accommodation. *Id.* at 417 (quoting *Kleiber*, 485 F.3d at 869).

Williams neither checked the box on the complaint form indicating she was discriminated against based on a disability nor indicated what her disability is on the blank provided on the form. (*Id.* ¶ 9.) Although Williams stated that she "submitted a reasonable accommodation (no prolong standing[,] lifting[,] or walking for my medical condition," she never specifies what her medical condition is in her complaint or suggests that she offered any such information to her employer. (ECF No. 1 ¶ 10.) Williams's notice of right to sue letter, which she attached to her complaint, offers no additional insight into her alleged disability.[1]

---

[1] The Court can take judicial notice of the EEOC Right to Sue Letter, which is a public record. *See Harper v. Shelby Cnty. Gov't*, No. 15-2502-STA-cgc, 2016 WL 737947, at *4 (W.D. Tenn. Feb. 23, 2016) ("When a Court considers whether dismissal for failure to state a claim is appropriate, the Court may consider the complaint and attached exhibits, as well as any public records, so long as they are referred to in the complaint and are central to the claims contained therein."). Williams did not attach her EEOC charge.

6

Williams's failure to identify her disability is insufficient to put Defendants on notice of her claim. *See Currie v. Cleveland Metro. Sch. Dist.*, No. 1:15 CV 262, 2015 WL 4080159, at *4 (N.D. Ohio July 6, 2015) (collecting cases that support the proposition that "[a] complaint alleging an ADA violation is properly dismissed for failure to identify a disability"); *Bush v. Millington Health Care*, No. 2:14-cv-02663-SHL-dkv, 2014 WL 6815418, at *9 (W.D. Tenn. Dec. 2, 2014) (dismissing the plaintiff's ADA claims for, inter alia, failing to identify the disability); *see also Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[S]urely a plaintiff alleging discrimination on the basis of an actual disability under 42 U.S.C. § 12102(1)(A) must allege a specific disability. . . . The defendant in a disability discrimination suit does not have fair notice when the plaintiff fails to identify his disability.").

Based on the sparse details Williams provides in her complaint, it is unclear what disability she may have or, for that matter, that she is otherwise qualified for the position. As a result, Defendants cannot be said to be on notice of her claim. It is recommended that Williams's claim for failure to accommodate be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and that she be permitted to amend the claim.

### IV. Williams's Title VII Claims

Williams failed to check the box indicating she was alleging Title VII violations on the first page of the form complaint. She nevertheless appears to allege elsewhere that Defendants discriminated against her by terminating her and failing to accommodate her on the basis of religion. (*See* ECF No. 1 ¶¶ 9-10.)

Title VII prohibits employers from discrimination against any individual with respect to her "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). "A plaintiff may show

discrimination by direct evidence, or a plaintiff lacking direct evidence of discrimination may succeed on a Title VII claim by presenting indirect evidence under the framework first set forth in *McDonnell Douglas* . . . ." *Redlin v. Grosse Pointe Pub. Sch. Sys.*, 921 F.3d 599, 606 (6th Cir. 2019). "If an inference is required to draw from the evidence the conclusion that an employer was animose against a protected class, then the evidence is not direct evidence." *Grooms v. Walden Sec.*, No. 3:21-CV-00363, 2021 WL 2292305, at *2 n.1 (M.D. Tenn. June 3, 2021) (citing *Zivkovic v. Juniper Networks, Inc.*, 450 F. Supp. 2d 815, 825 (N.D. Ohio 2006)).

      A plaintiff can establish a *prima facie* case of disparate treatment discrimination under Title VII by showing (1) she is a member of a protected group; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) either similarly situated, non-protected employees were treated more favorably or she was replaced by someone outside of her protected class. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010). A plaintiff can establish a *prima facie* case of failure to accommodate under Title VII by showing: "(1) he holds a sincere religious belief that conflicts with an employment requirement; (2) he has informed the employer about the conflicts; and (3) he was discharged or disciplined for failing to comply with the conflicting employment requirement." *Bolden v. Lowes Home Centers, LLC*, 783 F. App'x 589, 597 (6th Cir. 2019) (quoting *Tepper v. Potter*, 505 F.3d 508, 514 (6th Cir. 2007)).

      As with her ADA claim, when making a claim under Title VII, at this stage Williams is "is not required to present evidence on the elements of the *prima facie* case"; however, "the complaint must nonetheless 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. . . . [C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a

motion to dismiss.'" *Briars v. Memphis Light Gas & Water*, No. 18-2035-JTF-tmp, 2018 WL 3061345, at *2 n.2 (W.D. Tenn. Jan. 25, 2018), *report and recommendation adopted*, 2018 WL 1173004 (W.D. Tenn. Mar. 6, 2018) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

Williams's complaint does not contain either direct or inferential allegations that allow the Court to infer that she was discriminated against based on her religion under a theory of disparate treatment or failure to accommodate. As a starting point, Williams does not, as the complaint form instructs her to do, state her religion. (*See* ECF No. 1 ¶ 9.) Nor, for that matter, does she describe the religious beliefs of any other similarly situated individual. Indeed, she does not even suggest that there existed any similarly situated employee, let alone one who was treated differently than her, or that she was replaced by someone outside of her protected class. *See Hudson v. City of Highland Park, Mich.*, 943 F.3d 792, 802 (6th Cir. 2019) (recognizing that an essential element of a disparate treatment religious discrimination claim is that plaintiff was treated differently from a similar employee who does not follow the same religious beliefs). Williams's claim of discrimination based on disparate treatment is therefore inadequately pled. To the extent she has asserted a claim for failure to accommodate her religion, that claims is similarly deficient. Though Williams asserts that she voiced a need for a religious accommodation to not work on Sunday, her complaint is bereft of any allegations that Defendants denied her request or that her failure to comply with a requirement that she work on Sundays resulted in her discipline or termination.

Compare Williams's sparse allegations with those made under the same Title VII-related theories by the plaintiff in *Grooms*, where the court determined that the *pro se* plaintiff's complaint survived screening under § 1915. 2021 WL 2292305, at *3. There, the plaintiff, who

9

identified herself as a Seventh-day Adventist, alleged that she requested to not work on the Sabbath but that the defendant "offered her only positions that required work on the Sabbath." *Id.* at *2.  Then, the defendant terminated her and falsely indicated on her separation notice that she instead actually "voluntary[ily] resign[ed]" and "refused available work." *Id.*  The court determined that, given these details, plaintiff plausibly stated claims for religious discrimination and failure to accommodate religion.  Whereas the level of detail in the *Grooms* plaintiff's allegations nudged them into the realm of plausibility, the same cannot be said for the barebones allegations of Williams's complaint.  She does not provide her religion.  She does not even imply that she was fired in favor employees willing to work on Sundays.  She does not suggest that her request for an accommodation was denied or that she otherwise failed to comply with a Sunday work schedule.

In short, though Williams need not plead all of the *prima facie* elements of a religious discrimination or accommodation claim to survive § 1915 screening, she needs to allege sufficient facts that make her claims plausible and not merely possible.  *Iqbal*, 556 U.S. at 678.  Because she has not, she fails to state a claim upon which relief can be granted.  As with her claim under the ADA, it is recommended that Williams's Title VII claim be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and that she be permitted to amend.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Williams's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  The Court further recommends that Plaintiff be given thirty days to amend her claims against Defendants, at which point her claims can once again be screened pursuant to 28 U.S.C.

10

§ 1915(e)(2)(B) and Local Rule 4.1(b)(2).  The Court further recommends that, should Williams fail to amend her complaint within thirty days, it be dismissed in its entirety.

    Respectfully submitted this 29th day of June, 2022.

                                              s/Annie T. Christoff
                                              ANNIE T. CHRISTOFF
                                              UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.