IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PATRICIA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-02310-JTF-atc |
| ) | |
| FEDEX FREIGHT, LARAYE COLE, ) | |
| MONIQUE HOLLEY, RALPH PIPPEN, FNU ) | |
| DUWAN, and TIMOTHY ROBERTS, ) | |
| ) | |
| Defendants. ) | |

ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION DISMISSING PLAINTIFF'S
INITIAL COMPLAINT AND DISMISSING IN PART AMENDED
COMPLAINT

Before the Court is Plaintiff Patricia Williams's *pro se* complaint filed on May 19, 2022. (ECF No. 1.) Plaintiff also filed a Motion seeking leave to proceed *in forma pauperis*, (ECF No. 2), which was granted on May 19, 2022. (ECF No. 6.) After screening Plaintiff's complaint under 28 U.S.C. § 1915(e)(2), the Magistrate Judge entered a Report and Recommendation ("R & R") on June 29, 2022, recommending that the Court dismiss the complaint *sua sponte* for failing to state a claim upon which relief could be granted, and also recommending that Plaintiff be given thirty days to file an Amended Complaint. (ECF No. 7.) Plaintiff filed objections to the R & R, as well as her Amended Complaint, on July 12, 2022. (ECF No. 8.) For the following reasons, the R & R should be **ADOPTED**, and Plaintiff's claims plead in her initial complaint **DISMISSED** *sua sponte* with prejudice. The Court has reviewed the Amended Complaint in accordance with

1

Magistrate Judge's Report and Recommendation. For the following reasons, Plaintiff's Amended Complaint is **DISMISSED IN PART**.

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. *See* 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x. 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). A failure to file specific objections to a Magistrate Judge's report does not meet the requirement of filing an objection at all. *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir 1991); *McCready v. Kamminga*, 113 Fed. App'x. 47, 49 (6th Cir. 2004). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

Plaintiff attempts to object to the Magistrate Judge's recommendation that her complaint be dismissed by asserting, "I the Plaintiff Patricia Williams objects to sua sponte dismissal of said complaint. I Patricia Williams also attest to the Amended Complaint as requested in Report and

2

Recommendation." (ECF No. 8, 1.) Without more, the Court can only consider this filing as a general objection and treats this matter as if no objections were filed. *Howard v. Secretary of Health and Human Services,* 932 F.2d at 509 and *McCready*, 113 Fed. App'x. at 49.

In this case, the Magistrate Judge found that Plaintiff's Americans with Disabilities Act ("ADA") claims under 42 U.S.C. §§ 12112-17 and Title VII claims under 42 U.S.C. §§ 2000e–2000e-17 should be dismissed based on her failure to explicitly state her medical disability, to disclose her religion, or allege what unequal treatment she received when compared to others outside of her religion. (ECF No. 7.) The Court agrees, and in the absence of any specific objection by Plaintiff, finds that the R & R should be adopted. *Brown*, 47 F. Supp. 3d at 674.

### Plaintiff's Amended Complaint

After the R& R was submitted, Plaintiff filed an Amended Complaint, on July 12, 2022. (ECF Nos. 8 & 9.) To determine whether Plaintiff's complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See also Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (The court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true."). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, although the complaint need not contain detailed facts, its factual assertions must be substantial enough to raise a right to relief above a speculative level. *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). However, "'naked assertions devoid of further factual enhancement' contribute

nothing to the sufficiency of the complaint." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

*ADA Claim*

Plaintiff alleges discrimination based on her disabilities, identified as "lower lumbar strain, sciatica, and myalgia." (ECF No. 1, 9.) The Magistrate Judge's Report and Recommendation concluded that one of the reasons Plaintiff's ADA claim in her initial complaint failed is because she did not identify her disability. (ECF No. 7, 6.) In Plaintiff's Amended Complaint, she corrected this deficiency and identified her disabilities as "lower lumbar strain, sciatica, and myalgia." (ECF No. 9, 4.) Plaintiff alleges that her employer failed to accommodate her disability by not adhering to a doctor's note stating that Plaintiff should refrain from prolonged "standing, sitting or walking within 30-40 feet and no heavy lifting." (*Id*. at 5.) She complained, "The company would not honor walking distances limitations . . ." (ECF No. 9, 8.)

The ADA prohibits discrimination on the basis of a qualified individual's disability, 42 U.S.C. § 12112(a), which may include an employer's failure to provide reasonable accommodations. 42 U.S.C. § 12112(b)(5)(A). The ADA defines a "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C.A. § 12111(8). Additionally, the ADA defines "reasonable accommodations" to include "making existing facilities used by employees readily accessible to and usable by individuals with disabilities, job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." *Id.* § 12111(9); *see Kleiber v. Honda of Am.*

*Mfg., Inc.*, 485 F.3d 862, 868 (6th Cir. 2007). "ADA discrimination claims are analyzed under two different rubrics, depending on whether the plaintiff relies on 'direct' or 'indirect' evidence of discrimination." *Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409, 416 (6th Cir. 2020).

The Sixth Circuit has held, "Claims premised upon an employer's failure to offer a reasonable accommodation necessarily involve direct evidence of discrimination." *Kleiber v. Honda of Am. Mfg., Inc*, 485 F.3d 862, 968 (6th Cir. 2007).  If the fact-finder accepts the employee's version of the facts, no inference is necessary to conclude that the employee has proven this form of discrimination." *Id.* Under this direct-evidence framework, a party must show: (1) she is disabled, and (2) she is otherwise qualified for the position despite her disability either (a) without accommodation; (b) with an alleged essential job requirement eliminated; or (c) with a proposed reasonable accommodation.  *Id.* at 869.

A person is considered disabled under the ADA if the individual "(1) has a physical or mental impairment that substantially limits one or more of the major life activities of such individual (2) has a record of such impairment, or (3) is regarded as having such an impairment." *Barron v. PGA Tour, Inc.*, F.Supp.2d 674, 684 (W.D. Tenn. 2009); *see also* 42 U.S.C. § 12102(1) An impairment is substantially limiting if that person is unable to perform a major life activity.  *See Thompson v. UGL Unico Service Co.*, 750 F. Supp. 3d. 90  914 (W.D. Tenn. 2010); *see also Brady v. Potter*, 273 Fed. App'x 498, 502 (6th Cir. 20058).  The ADA has defined major life activities as "those that are of central importance to daily life and are defined as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 42 U.S.C. § 12112(a).

Plaintiff's Amended Complaint alleges that she was suffering from "lower lumbar strain, sciatica, and myalgia."  Plaintiff also alleges she submitted "a doctor's restriction form" indicating

that her medical conditions limited her ability to walk beyond 30-40 feet at a time, or any distances considered to be of long distance. (ECF No. 9, 4.) Plaintiff further explains that "every shift became stressful and degrading because of the physical demands that were placed on me." (ECF No. 9, 5.) By pleading that she has a disability that substantially limits walking, a major life activity under the ADA, and impliedly pleading that she is otherwise qualified for the position, Plaintiff has stated a plausible claim under the ADA for failure to accommodate on the basis of her disability. Therefore, Plaintiff's ADA claim may proceed.

*Title VII Claims*

*Failure to Accommodate - Religion*

Plaintiff also alleges in her Amended Complaint that Defendants discriminated against her by failing to accommodate her on the basis of religion. (*Id.* at 4.) The Magistrate Judge found that Plaintiff's initial complaint did not contain direct or indirect allegations of discrimination based on religion because she did not identify her religion. (ECF No. 7, 10.) Plaintiff corrected the deficiency in her Amended Complaint by identifying her religion as Christianity. (ECF No. 9, 4.) Plaintiff alleged that her request for religious accommodation was denied. (*Id.* at 5.) Plaintiff further explained that she was humiliated by her Supervisor after requesting the accommodation and that she received a "write-up" for failing to work on a Sunday, which Plaintiff refused to sign. (*Id.* at 6.)

Title VII prohibits employers from discrimination against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). "A plaintiff may show discrimination by direct evidence, or a plaintiff lacking direct evidence of discrimination may succeed on a Title VII claim by presenting indirect evidence under the framework first set forth in

McDonnell Douglas . . . ." *Redlin v. Grosse Pointe Pub. Sch. Sys.*, 921 F.3d 599, 606 (6th Cir. 2019). A plaintiff can establish a prima facie case of disparate treatment discrimination under Title VII by showing (1) she is a member of a protected group; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) either similarly situated, non-protected employees were treated more favorably or she was replaced by someone outside of her protected class. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010). A plaintiff can establish a prima facie case of failure to accommodate under Title VII by showing: "(1) he holds a sincere religious belief that conflicts with an employment requirement; (2) he has informed the employer about the conflicts; and (3) he was discharged or disciplined for failing to comply with the conflicting employment requirement." *Bolden v. Lowes Home Centers, LLC*, 783 F. App'x 589, 597 (6th Cir. 2019) (quoting *Tepper v. Potter*, 505 F.3d 508, 514 (6th Cir. 2007)). At this stage, Plaintiff "is not required to present evidence on the elements of the prima facie case"; however, "the complaint must nonetheless contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. . . . [C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Briars v. Memphis Light Gas & Water*, No. 18-2035-JTF-tmp, 2018 WL 3061345, at *2 n.2 (W.D. Tenn. Jan. 25, 2018), report and recommendation adopted, 2018 WL 1173004 (W.D. Tenn. Mar. 6, 2018) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

Plaintiff's allegations are similar to those found in *Grooms v. Walden*. No. 3:21-CV-00363, 2021 WL 2292305, at *3 (M.D. Tenn. Jun. 3, 2021) There, the plaintiff, who identified herself as a Seventh-day Adventist, alleged that she requested to not work on the Sabbath, but that the Defendant "offered her only positions that required work on the Sabbath." *Id.* at 2. The plaintiff in *Grooms* was ultimately terminated, and the Court determined that the plaintiff plausibly stated

claims for religious discrimination and failure to accommodate. *Id*. Here, Plaintiff identified her religion as Christianity and alleged that she was disciplined through a write-up for failing to come into work on a Sunday after she requested religious accommodation. Plaintiff need not plead all of the prima facie elements of a religious accommodation claim, she needs to only allege facts that make her claims plausible. *Briars*, 2018 WL 3061345, at *2. Plaintiff has at least impliedly plead a prima facie case of religious discrimination. Accordingly, Plaintiff's Title VII claim for failure to accommodate on the basis of religion may proceed.

*Age Discrimination Claim*

In her Amended Complaint, Plaintiff alleged that she was also discriminated against on the basis of age, pursuant to the Age Discrimination in Employment Act ("ADEA"). [1] (ECF No. 9, 4.) The ADEA prohibits employers from discriminating against employees based on their age. *Blizzard v. Marion Technical College*, 698 F.3d 275, 282 (6th Cir. 2012); *see also* 29 U.S.C. § 623(a)(1). The plaintiff "may establish a violation of the ADEA by either direct or circumstantial evidence." *Geiger v. Tower Auto*, 579 F.3d 614, 610 (6th. Cir. 2009). Here, Plaintiff did not provide direct evidence of discrimination, but instead plead facts that require the Court to draw an inference based on circumstantial evidence. To establish a prima facie case of age discrimination using circumstantial evidence, a plaintiff must show: (1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) replaced by a significantly younger person. *Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003) (quoting *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 349.) Sixth Circuit Courts have held that "an allegation that the plaintiff was replaced by a younger individual supports an inference of

---

[1] While Plaintiff did not check the ADEA box on her Amended Complaint, Plaintiff checked the box indicating that she was discriminated against on the basis of age. Accordingly, the Court analyzes Plaintiff's age discrimination claim pursuant to the ADEA.

discrimination only if the difference in age is significant." *Kline*, 128 F.3d at 352-353. Generally, age differences greater than ten years have been held to be significant. *Grosjean*, 349 F.3d at 336.

Plaintiff alleges that there were two employees that were younger than her who received better treatment. (ECF No. 9, 6.) Plaintiff further alleges that they were not moved to a different position, nor did they meet the requirements for their positions, whereas Plaintiff did meet the requirements of her position, but was moved to a different position that conflicted with her requested accommodations. (*Id*., 5-6). Plaintiff plead that she: (1) is a member of a protected class by checking the box indicating that she is older than 40; (2) at least, impliedly, qualifies for the positions that she held; and (3) suffered an adverse employment action — moved to a different position that conflicted with requested accommodation. However, Plaintiff's age discrimination claim rests on a general allegation that two younger employees were treated better than her. Plaintiff's Amended Complaint does not allege that she was replaced by the younger employees, or that they were significantly younger than Plaintiff. The two alleged younger employees were not even identified in the Amended Complaint.

Accordingly, Plaintiff's age discrimination claim fails to state a claim upon which relief can be granted and the Court hereby orders this claim be **DISMISSED**.

## CONCLUSION

Accordingly, the Court adopts the Magistrate Judge's report and recommendation that the initial complaint be **DISMISSED** *sua sponte* for failing to state a claim. With regard to the Amended Complaint, the Court **DISMISSES** Plaintiff's age discrimination. Her claims of disability and religious discrimination may **PROCEED**.

**IT IS SO ORDERED** this 19th day of September, 2022.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge
