IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-02310-JTF-atc |
| | ) | |
| FEDEX FREIGHT, LARAYE COLE, | ) | |
| MONIQUE HOLLEY, RALPH PIPPEN, | ) | |
| FNU DUWAN, and TIMOTHY | ) | |
| ROBERTS, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION
TO GRANT MOTION TO DISMISS

Before the Court by order of reference[1] is the motion to dismiss filed by Defendants Laraye Cole, Monique Holley, FNU Duwan, and Timothy Roberts (the "Individual Defendants") on October 26, 2022. (ECF No. 22.)[2] After *pro se* Plaintiff Patricia Williams failed to respond to the motion by her deadline to do so, the Court entered an Order to Show Cause on December 7, 2022, requiring her to show cause, by December 28, 2022, as to why the motion should not be granted and to otherwise respond to the motion. (ECF No. 23.) Williams filed her response on

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

[2] Cole's first name is listed as Laraye in the case caption, but her name is spelled LeaRaya. (*Id.* at 1.) The motion also explains that the Defendant named as "FNU Duwan" is actually Dwan Jones. (*Id.*) The motion does not seek the dismissal of the claims against Ralph Pippen, another named Defendant, who has not been served. (*Id.*)

December 29, 2022. (ECF No. 24.) The Individual Defendants filed their reply on January 5, 2023. (ECF No. 25.)

For the reasons stated below, the Court recommends granting the motion in its entirety.

## **PROPOSED FINDINGS OF FACT**

Williams filed her complaint on a Court-supplied form alleging employment discrimination in violation of the Americans with Disabilities Act of 1990 (the "ADA"). (ECF No. 1 ¶ 1.) On June 29, 2022, the undersigned screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and entered a report and recommendation (the "R&R"), recommending dismissal of Williams's claims with leave to amend. (ECF No. 7.) On July 12, 2022, Williams filed objections to the R&R (ECF No. 8) and an amended complaint (ECF No. 9). District Judge John T. Fowlkes, Jr., adopted the R&R, reviewed the amended complaint, and dismissed it in part. (ECF No. 10.) Judge Fowlkes determined that Williams sufficiently stated a plausible claim for relief as to her ADA claim for failure to accommodate on the basis of her disability (*id.* at 6) and her Title VII claim based on her religion (*id.* at 8), but he dismissed her claim made pursuant to the Age Discrimination in Employment Act (*id.* at 9).

The facts herein are gleaned from Williams's amended complaint, are accepted as true, and are construed in a light most favorable to her. *See* Fed. R. Civ. P. 12(b)(6). Williams began working with FedEx Freight on February 22, 2021, as part-time service center support staff. (ECF No. 9 ¶ 10.) Williams appears to assert that, in May 2021, her regular work schedule was changed to include Sunday overtime shifts but that she informed Holley, her supervisor, that she needed a religious accommodation so as to not work Sundays. (*Id.*) Williams lists her religion as Christianity. (*Id.* ¶ 9.) When Williams requested accommodations for her religious beliefs, Holley humiliated her. (*Id.* ¶ 10.) Holley informed Williams that she had an infraction on her

record for not showing up to work on a Sunday. (*Id.*) Williams refused to sign the write up, and Holley refused to give her a copy. (*Id.*)

Williams explains in the amended complaint that she suffers from lower lumber strain, sciatica, and myalgia. (*Id.* ¶ 9.) In June 2021, she submitted a doctor's restriction form that limited the amount she could stand, sit, walk, and lift, as well as the number of hours that she could work. (*Id.* ¶ 10.) Around June 28, 2021, Williams received a call from Ralph Pippen informing her that she "could not return to work because management needed to see what was going on." (*Id.*) Then, in July, Williams submitted a request-for-accommodation form to Cole that included the same restrictions that were outlined in the form she submitted the previous month. (*Id.*)

Williams was allowed to return to work on August 8, 2021, but her request for accommodations was denied. (*Id.*) She was moved to a workstation that conflicted with the accommodations outlined in her requests. (*Id.*) The company did not honor the limitations placed on the distance she could walk and occasionally did not provide adequate use of restroom facilities. (*Id.*) According to Williams, "[e]very shift became stressful and degrading because of the physical demands that were placed upon [her]." (*Id.*) Two younger employees received better treatment than Williams, even though there were questions about their physical abilities and competencies. (*Id.*)

Williams alleges that she filed an EEOC charge of discrimination in or around February 2022. (*Id.* ¶ 12.) The EEOC issued a Right to Sue Letter on March 3, 2022 (ECF No. 1-1), which Williams indicates she received on March 7, 2022 (ECF No. 9 ¶ 14). Williams's amended complaint seeks re-employment; $2,500,000 in back pay and interest; compensatory damages in

an unspecified amount for financial harm, humiliation, and emotional distress; and injunctive relief that restrains Defendants from "defamation," "slander," and "retaliation." (*Id.* ¶ 16.)

## PROPOSED CONCLUSIONS OF LAW

**I.      Standard of Review for Failure to State a Claim**

To determine whether Williams's complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Capital Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## II.     Whether Williams States a Claim Against the Individual Defendants

The argument of the Individual Defendants is straightforward: the claims against them should be dismissed under Rule 12(b)(6) because employees and supervisors cannot be sued in their individual capacities under Title VII and the ADA, as they do not qualify as employers. (ECF No. 22, at 1.) Williams counters that "each named Defendant[] . . . [p]articipated as agents, representatives, employees, and advocates of FedEx Freight that caused harm to Plaintiff," "inappropriately performed duties as employees, agents, and advocates of FedEx Freight," and "in their capacity as employee, agent, or representative for FedEx Freight caused the damages and claims of discrimination in [the] Amended Complaint." (ECF No. 24, at 2–3.)

"Individual Defendants . . . cannot be held personally liable under Title VII." *Colston v. Cleveland Pub. Libr.*, 522 F. App'x 332, 336 (6th Cir. 2013) (citing *Wathen v. Gen. Elec.*, 115 F.3d 400, 405–06 (6th Cir. 1997)). So, "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Id.* (quoting *Wathen*, 115 F.3d at 405–06).

In *Wathen*, the Sixth Circuit examined the language of Title VII, including what it means under the statute to be an "employer" or "agent." It explained that "'[e]mployer' is defined to mean 'a person engaged in an industry affecting commerce who has fifteen or more employees . . . *and any agent of such person*.'" 115 F.3d at 405 (quoting 42 U.S.C. § 2000e(b)). Meanwhile, "'[a]gent' is not defined by Title VII but has been interpreted as "an individual who 'serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment.'" *Id.* (quoting *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 803 (6th Cir. 1994)). The court acknowledged this facially broad language and conceded that "a narrow, literal reading of the agent clause in § 2000e(b) does imply that an employer's agent is a statutory employer for purposes of liability." *Id.* (quoting *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314 (2d Cir. 1995)). Nevertheless, the court concluded that "[a]n examination of the statutory scheme and remedial provisions of Title VII[] convinces us that Congress did not intend to provide for individual employee/supervisor liability under Title VII." *Id.*

*Wathen* remains good law in the Sixth Circuit. *See, e.g.*, *Powell v. Baptist Mem'l Hosp.*, No. 2:20-cv-02856-JTF-atc, 2022 WL 822171, at *2 (W.D. Tenn. Jan. 13, 2022), *report and recommendation adopted*, 2022 WL 822031 (W.D. Tenn. Mar. 17, 2022) (collecting cases embracing the holdings from *Wathen* and elsewhere that, "even if an individual defendant plays a supervisory or managerial role in the events giving rise to a complaint, a plaintiff cannot state a

claim against her under Title VII"). Accordingly, the motion to dismiss Williams's Title VII claims against the Individual Defendants should be granted.

Williams's claims against the Individual Defendants under the ADA fare no better. Courts in the Sixth Circuit have applied *Wathen*'s rationale to "sister civil rights statutes," including the ADA, when it comes to who can be considered an "employer." *Broady v. Mid-S. Transportation Mgmt., Inc.*, No. 2:22-cv-02069-JTF-atc, 2022 WL 16836624, at *2 (W.D. Tenn. Nov. 9, 2022) (citing *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999)). Because "'the ADA . . . borrowed the definition of "employer" from Title VII,' [*Wathen*'s] holding applies to claims" under the ADA as well. *Id.* (quoting *Hiler*, 177 F.3d at 545 n.5). Thus, just as "'employer' does not include supervisors, managers, or co-workers of a plaintiff" under Title VII, nor does it under the ADA. *Baugh v. Wilkie*, No. 2:20-cv-02093-JTF-tmp, 2020 WL 1217361, at *3 (W.D. Tenn. Mar. 12, 2020) (citing *Han v. Univ. of Dayton*, 541 F. App'x 622, 629 (6th Cir. 2013)). For the same reasons that the motion to dismiss should be granted as to Williams's Title VII claims against the Individual Defendants, the same is true for her ADA claims.[3]

---

[3] It is not clear whether Williams also asserts claims against the Individual Defendants in their official capacities. To the extent she does, those claims fail because they are redundant where, as here, the corporate entity is also a named defendant. *See Craig v. Tenn. Dep't of Children's Servs.*, No. 2:17-cv-02522-SHM-cgc, 2018 WL 3037437, at *3 (W.D. Tenn. June 19, 2018), *report and recommendation adopted*, 2018 WL 3360860 (W.D. Tenn. July 10, 2018) ("[A] Title VII suit against supervisor in his or her official capacity is treated as suit against [the] employer itself."); *Kindred v. Memphis Light Gas & Water*, No. 2:19-cv-02660-TLP-dkv, 2020 WL 504672, at *1 (W.D. Tenn. Jan. 31, 2020) (finding that official capacity claims are redundant under the ADA "when the corporate entity or employer is also named as a defendant and ultimately can be held liable as the employer").

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to dismiss be granted in its entirety and that the Individual Defendants be dismissed from this action.

Respectfully submitted this 19th day of May, 2023.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.